# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-51252

_____

WALTER G. BROWN, JR.,

Plaintiff-Appellant,

VERSUS

OUTSOURCE SPECIALIST, INC.;
CITGO PETROLEUM PIPELINE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(A-00-CV-29)

_____

September 21, 2001

Before JONES, SMITH, and
   EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Outsource Specialist, Inc. ("OSI"), hired Walter Brown on a temporary basis to perform maintenance and delivery services for Citgo Products Pipeline Company ("Citgo") while Citgo phased in an automated system. During his tenure from 1994 to 1999, Brown, who is black, believed OSI and Citgo did not give him the same privileges as his white co-workers, so he sued. The district court granted summary judgment for OSI and Citgo on the basis that Brown had failed to establish either a *prima facie* case or pretext for discrimination. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Brown provided pipeline operator and delivery services. In 1995, he applied for a mechanic position, but Citgo filled the opening with a white applicant. Two months before Brown was terminated, he filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Texas Commission on Human Rights ("TCHR"), alleging discrimination on the basis of race because he had to arrive earlier and document his work time in more detail than did white employees. After receiving a right-to-sue letter from the EEOC, Brown sued OSI and Citgo under title VII of the Civil Rights Act of 1964, claiming discrimination and retaliation. As further evidence of unequal treatment, Brown claimed OSI and Citgo required him to work during holidays and family events, forced him to mow the lawn with a mower that hurt his back, provided him with a truck and cell phone later than it provided the same to white employees, and verbally threatened his job. Citgo began laying off workers in 1997 but did not terminate Brown until March 1999. He alleges that white employees were retained longer or were allowed to leave their positions earlier with pay.

## II.

We review a summary judgment *de novo. Boyd v. State Farm Ins. Cos.,* 158 F.3d 326, 328 (5th Cir. 1998). A court may enter summary judgment if the record, taken as a whole, "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). If a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial," rule 56(c) mandates summary judgment for the opposing side. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.

We have reviewed the record and conclude that the district court correctly entered summary judgment. To establish a *prima facie* case of discrimination with indirect evidence of employer animus, a plaintiff must show that he (1) is a member of a protected class; (2) is qualified for the position; (3) suffered an adverse employment action; and (4) was replaced by a member of a non-protected class. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

Brown's various complaints regarding his work conditions are not actionable under title VII. Although his termination does constitute an adverse employment action, Brown has not established a *prima facie* case, because he has not demonstrated that non-protected class members were treated differently. When OSI and Citgo downsized, they laid off thirteen white workers before Brown and had terminated *all* workers three months later. Even if he had a *prima facie* case, an across-the-board layoff is a legitimate, non-discriminatory reason for termination. *See EEOC v. Tex. Instruments Inc.,* 100 F.3d 1173, 1181 (5th Cir. 1996).

On his failure-to-hire claim, Brown did establish a *prima facie* case, but he cannot prevail without showing that he had superior qualifications. *See EEOC v. La. Office of Cmty. Servs.,* 47 F.3d 1438, 1445 (5th Cir. 1995). Because he has not, he cannot establish that the defendants' proffered reason—that the other candidate was more qualified—was pretextual.

## IV.

The defendants' legitimate reason for Brown's termination defeats his retaliation claim. To establish a *prima facie* case of retaliation under title VII, Brown must show that (1) he engaged in protected activity; (2) the defendants took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 705 (5th Cir. 1997). Brown has made a *prima facie* case of retaliation, because he filed TCHR and EEOC complaints and was fired shortly thereafter. To prevail, however, he must show that his protected activity was the "but for" cause. *See Long v. Eastfield College,* 88 F.3d 300, 304 n.4 (5th Cir. 1996). Brown has not offered any additional evidence of a causal connection between the filing and firing.

AFFIRMED.